## STEVENS *v.* WYLIE.

A. having a warrant and survey, in 1786, and a patent in 1788, for a tract, on which residence had been continued, is protected for an interference with a survey made in 1785, which had not been returned for fifty years, even though such survey was made under a claim for an earlier improvement, which was proved by parol to have existed and been continued; the interference not being in the actual occupation of either party.

IN error from the Common Pleas of Washington county.

*Oct.* 29. Ejectment for an interference of eight and a half acres. The plaintiff showed an application of David Redick, September 7, 1786, for two hundred acres, including his improvement made in 1776, and the improvement made by Torrence, on which he lived. Interest from March 1, 1776. But of these improvements there was no proof. A warrant issued thereon September 7, 1786, and a survey was made by Hoge, a deputy-surveyor, July, 1787, on which a patent issued to Redick in July, 1788, from whom plaintiff derived title in 1818.

The defendant proved an application by Stokely, September 24, 1785; interest from March 1, 1777; a warrant issued the same day with a survey in June, 1787, entered in David Redick's books, who was a deputy-surveyor. This warrant had not been

returned in 1839, but in 1841 a patent issued to one Wilson. These two surveys interfered, as appeared from the marked lines, and for that interference this action was brought. Both tracts had been settled by the respective owners, but the interference remained uncleared, and had been in controversy for a long time. It was agreed to try the cause on the same evidence as had been given on the former trial, (which case is reported 1 Barr, 458,) excepting the testimony of Leet, an aged and infirm witness, whose examination was taken and read by the defendant. He stated that the Stokely survey was entered in Redick's book and in Redick's handwriting, and that he knew the tract when eleven years old, (which from his age must have been prior to 1783,) and then a man named Holmes lived on it, and it had been occupied ever since. The plaintiff gave in evidence the decision in his favour of the Board of Property in 1838, on a *caveat* to the acceptance of Stokely's survey, entered in 1834, which stated the survey in 1785 had never been returned.

The court instructed the jury that though, under the decision of this court, the fact that Redick having made the survey for Stokely did not bar him under his subsequent warrant, so far as it interfered with that; yet as there was no evidence of an improvement on Redick's tract prior to his survey, and there was evidence of an improvement on Stokely's survey as early as 1779, and the evidence of Leet showed Stokely to have been in possession at the date of Redick's warrant, that possession would equally protect him from Redick's warrant as from other subsequent warrants or settlements.

*Williams,* for plaintiff in error.

*Marsh,* contrà.

*Nov.* 8. COULTER, J.—The proposition of the court below, upon which they made the cause to turn, would doubtless be correct, if there was nothing else arising out of the circumstances and facts to control its operation and to guide the judgment. But admitting that Stokely did take possession of the tract, marked his boundaries and resided on it either by himself or tenant, and would therefore be protected from subsequent warrants and surveys, still the case is left within the full dominion of the principles established, when the cause was before in this court: 1 Barr, 458. The court asserted that the fact as to whether either of the parties had made an improvement previous to the dates of their warrants respectively, was wholly immaterial. But the defendant in error, notwithstanding this, produced evidence of Mr. Leet, an old gentleman, not able to

be brought into court, for the purpose of showing that Stokely's improvement commenced in 1784: that a man by the name of Holmes lived on it.     He (the deponent) was then eleven years old. The ground on which this court proceeded, was that a patent had issued to Redick more than fifty years ago, on his warrant and survey.     That a decision has since been made by the board of property in the year 1838, in favour of the Redick title, and that he and his alienees having been in possession since the date of the survey in 1787, it ought not now to be shaken or disturbed by loose and dim recollections of events sixty years since, which goes beyond the ordinary life of man.     This principle would appear to be sound, and to conduce to the quietude and peace of society, and the certainty of titles to estates.     When shall the anxieties of the early settler or his heirs be put to rest ?     If when an individual has slept upon his patent for sixty years, save two, he is to be waked up to anxiety, litigation, and loss, who can say that he is secure, and that too depending upon the testimony of a single witness, as in this case, whose memory is but flickering in its place.     All the analogies of kindred subjects are in favour of the principle asserted by the acute and experienced judge who delivered the opinion of this court.

The court below, after shaking its head at the principle established when the case was here before, in relation to the survey of Stokely, and its not having been returned until 1841, although it was made in 1787, and after making a sort of *protestando*, nevertheless instruct the jury accordingly : it is unnecessary, therefore, to say any thing on that part of the case.

The plaintiff in error may even have it in his power to explain, rebut, or contradict the testimony of Mr. Leet, relative to the settlement of Holmes.     But, relying on the declaration in the opinion of the Supreme Court, that under all the circumstances of the case, it was immaterial who had the first improvement, he may have thought it unnecessary to make any preparation on that branch of the case.

We are of opinion that there is error in the charge of the court below, and the

Judgment is reversed, and a *venire de novo* awarded.